IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Country Mill Farms**, **LLC** and **Stephen Tennes**,<br><br>    Plaintiffs,<br>    v.<br><br>**City of East Lansing**,<br><br>    Defendant. | **Case No. 1:17-cv-00487-PLM-RSK**<br><br>**Honorable Paul L. Maloney**<br><br>Motion for Preliminary Injunction<br><br>Oral Argument Requested |

1. The City of East Lansing excluded farmer Steve Tennes and his family farm, Country Mill—which is twenty-two miles outside the City—from participating in its city-run farmers market because the City dislikes Tennes' religious beliefs about marriage as Tennes explained them on Facebook.

2. The City excluded Tennes and Country Mill from the East Lansing Farmer's Market pursuant to a new Policy the City created and included in the 2017 East Lansing Farmer's Market Vendor Application, specifically to target Tennes' religious beliefs.

3. That Policy states that vendors must "[c]omply[] with the City of East Lansing's Civil Rights ordinances and the public policy against discrimination contained in Chapter 22 of the East Lansing City Code while at the [East Lansing Farmer's Market] and as a general business practice." Pls.' Verified Am. Compl. ¶ 149, ECF No. 5, PageID.81; Ex.1, Vendor Guidelines p.3, ECF No. 5-1, PageID.121.

4. Chapter 22 of the East Lansing Municipal Code contains the City's Human Relations Ordinance which in relevant part provides:

   a. That it is illegal for any person to "[d]eny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service because of religion, race, color, national origin, age, height, weight, disability, sex, marital status, sexual orientation, gender identity or expression, student status, or because of the use by an individual of adaptive devices or aids." East Lansing, Michigan, Mun. Code § 22-35(b)(1); and

   b. That it is illegal for any person to "[p]rint, calculate, post, mail, or otherwise cause to be published a statement, advertisement, notice, or sign which indicates that the

1

full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation or public service will be refused, withheld from, or denied an individual because of religion, race, color, national origin, age, height, weight, sex, disability, marital status, sexual orientation, gender identity or expression, or student status, or because of an individual's use of adaptive devices or aids, or that an individual's patronage of, or presence at a place of public accommodation, is objectionable, unwelcome, unacceptable, or undesirable because of religion, race, color, national origin, age, height, weight, disability, sex, marital status, sexual orientation, gender identity or expression, or student status or because of the use by an individual of adaptive devices or aids." East Lansing, Michigan, Mun. Code § 22-35 (b)(2).

5. Plaintiffs Steve Tennes and Country Mill Farms respectfully move this Court for a preliminary injunction to stop Defendant East Lansing from enforcing this Policy in a manner that violates the First Amendment of the U.S. Constitution and the Michigan Home Rule City Act, Michigan Compiled Laws § 117.1 et seq.

6. Absent the requested relief, Tennes and Country Mill will suffer irreparable injury, in particular, the loss of rights and freedoms guaranteed by the U.S. Constitution. Plaintiffs are likely to succeed on the merits, the balance of equities weighs in favor of granting an injunction to secure these rights, and it is in the public interest to enjoin the enforcement of a law that likely infringes First Amendment rights. *United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*, 163 F.3d 341, 363 (6th Cir. 1998); *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir 2001).

7. This motion will be heard at a time and date set by the Court. In support of their

motion seeking as-applied and facial relief, Plaintiffs rely on the following documents filed with the Court and that more fully specify the grounds for their motion.

- Plaintiffs' Amended Verified Complaint including Exhibit 1 and 2;
- Plaintiffs' Memorandum in Support of its Motion for Preliminary Injunction; and
- Plaintiffs' Reply in Support of its Motion for Preliminary Injunction, with supporting documents, if any, when filed.

8. The requested temporary injunction seeks to enjoin Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with Defendant who receive actual notice of this order from directly or indirectly enforcing:

a. the Policy as applied to Plaintiffs to bar Plaintiffs from participating as a vendor at the East Lansing Farmer's Market based on Plaintiffs' public statements or the way Plaintiffs run Country Mill, which is located outside of East Lansing, Michigan; and

b. the Policy on its face with respect to the provisions regulating "general business practice[s]" and the provisions incorporating by reference East Lansing, Michigan, Mun. Code § 22-35 (b)(2).

9. Plaintiffs also respectfully request that this court waive the bond requirement for a preliminary injunction because this requested injunction serves the public interest by vindicating their First and Fourteenth Amendment rights. *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.*, 636 F.2d 1084, 1094 (5th Cir. 1981) (upholding the waiver of bond where "plaintiffs were engaged in public-interest litigation"); *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1043 (8th Cir. 2016) (noting that it was "permissible for the district court to waive the bond requirement based on its evaluation of public interest in [a] specific case"); *Concerned*

*Pastors for Soc. Action v. Khouri*, No. 16-10277, 2016 WL 7030059, at *3 (E.D. Mich. 2016) ("[T]he Court has significant discretion to waive the bond requirement in light of the public interest.") (citing *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1175- 76 (6th Cir. 1995)). Plaintiffs' ability to protect their constitutional "rights should not be contingent upon an ability to pay." *Doctor John's, Inc. v. City of Sioux City*, 305 F. Supp. 2d 1022, 1043-44 (N.D. Iowa 2004); *see also Westfield High Sch. L.I.F.E. Club v. City of Westfield*, 249 F. Supp. 2d 98, 129 (D. Mass. 2003) (noting that "requiring a security bond . . . might deter others from exercising their constitutional rights").

10. As of the filing of this Motion, counsel for East Lansing has not appeared in this case. Plaintiffs are, therefore, unable to determine at this time whether the City will oppose this Motion. Once defense counsel enters a notice of appearance in this case, Plaintiffs' counsel will contact defense counsel to discuss their position on this Motion and notify the Court accordingly.

Respectfully submitted this 9th day of June, 2017.

        By:  s/ Katherine L. Anderson
        Jeremy D. Tedesco (AZ Bar No. 023497)*
        Jonathan A. Scruggs (AZ Bar No. 030505)*
        Samuel D. Green (AZ Bar No. 032586)*
        Katherine L. Anderson (AZ Bar No. 033104)*
        **Alliance Defending Freedom**
        15100 N. 90th Street
        Scottsdale, Arizona  85260
        Telephone: (480) 444-0020
        Fax:  (480) 444-0028
        jtedesco@adflegal.org
        jscruggs@adflegal.org
        sgreen@adflegal.org
        kanderson@adflegal.org

        David A. Cortman (GA Bar No. 188810)*
        Rory T. Gray (GA Bar No. 880715)*
        **Alliance Defending Freedom**

4

        1000 Hurricane Shoals Rd. NE
        Ste. D-1100
        Lawrenceville, GA 30043
        Telephone:  (770) 339-0774
        Fax:  (770) 339-6744
        rgray@ADFlegal.org

        James R. Wierenga (P48946)
        Jeshua T. Lauka (P71958)
        **DAVID & WIERENGA, P.C.**
        99 Monroe Avenue, N.W., Suite 1210
        Grand Rapids, Michigan 49503
        Telephone:  (616) 454–3883
        Facsimile:  (616) 454–3988
        jim@dwlawpc.com
        jeshua@dwlawpc.com

        ATTORNEYS FOR PLAINTIFFS

\*Admitted to this Court

## CERTIFICATE OF SERVICE

      I hereby certify that on June 9, 2017, I electronically filed the foregoing document with the Clerk of Court and that the foregoing document will be served via private process server with the Summons and Verified Amended Complaint to the following:

| | |
|---|---|
| City of East Lansing<br>City Clerk, Marie Wicks<br>410 Abbot Road, Room 100<br>East Lansing, MI 48823 | |

      By: s/ Katherine L. Anderson
Katherine L. Anderson (AZ Bar No. 033104)*
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona  85260
Telephone:  (480) 444-0020
Fax:  (480) 444-0028
kanderson@adflegal.org

ATTORNEY FOR PLAINTIFFS