IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Country Mill Farms, LLC** and **Stephen Tennes**,<br><br>               Plaintiffs,<br>   v.<br><br>**City of East Lansing**,<br><br>               Defendant. | Case No. 1:17-cv-00487-PLM-RSK<br><br>Honorable Paul L. Maloney<br><br>**JOINT STATUS REPORT** |

A telephonic Rule 16 Scheduling Conference is scheduled for **January 12, 2018 at 01:30 p.m**. before Hon. Paul L. Maloney. Appearing for the parties as counsel will be:

Katherine Anderson, Jonathan Scruggs, and John Bursch, counsel for Plaintiffs Country Mill Farms and Stephen Tennes.

Michael Bogren, counsel for Defendant City of East Lansing.

1. Jurisdiction:

This case arises under the United States Constitution, particularly the First and Fourteenth Amendments and under federal law, particularly 28 U.S.C. § 2201, 42 U.S.C. § 1343, 42 U.S.C. §§ 1983 and 1988. This Court is vested with original jurisdiction over these federal claims by operation of 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction under 28 U.S.C. § 1367.

2. Jury or Non−Jury:

This case is to be tried by the Court as a trier of law and fact.

3. Judicial Availability:

The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

1

4. Statement of the Case:

   **Plaintiffs' Position**: This case is about a Policy specifically created by the City of East Lansing to exclude a farmer whose family farm is twenty-two miles outside the City from participating in its city-run farmers market solely because the City disagrees with the farmer's profession of his religious beliefs about marriage on Facebook.

   Plaintiffs participated in the East Lansing Farmer's Market from 2010 to 2016. In 2016, Plaintiffs posted on Facebook regarding their religious beliefs that marriage is a sacramental union between one man and one woman. When the City saw this post, it immediately started pressuring Plaintiffs to leave the Market voluntarily. When Plaintiffs decided to continue participating in the Market, the City created a new Policy for the 2017 Market specifically designed to exclude Plaintiffs. Defendant then applied the Policy to reject Plaintiffs' application for the 2017 Market because of Plaintiffs' Facebook statement of their religious beliefs and because Plaintiffs operate according to their religious beliefs a wedding venue on their farm, which is twenty-two miles outside of East Lansing.

   Defendant's new Policy and the accompanying targeting of Plaintiffs' speech and religious beliefs violates the First Amendment free speech, free exercise, and establishment clauses, the Fourteenth Amendment equal protection and due process clauses, the Michigan Constitution Article I § 4, Freedom of Worship, Religious Belief and Conscience, and Michigan Compiled Laws § 117.1 et seq., the Home Rule City Act.

   Plaintiffs sought preliminary and permanent injunctive relief to stop the City from enforcing the Policy to bar Plaintiffs from participating as a vendor at the East Lansing Farmer's Market based on Plaintiffs' public statements or the way Plaintiffs run Country Mill; a declaration that the City's Policy facially and as applied to Plaintiff violates the First Amendment free speech, free exercise, and establishment clauses, and the equal protection and due process clauses; a declaration that the City's Policy facially and as applied to Plaintiffs violates the Michigan Home Rule City Act and the Michigan Constitution, Article 1 § 4; an award of nominal and compensatory damages for the violation of

Plaintiffs' constitutional and statutory rights, and an award of costs, expenses and reasonable attorneys' fees.

**Defendant's Position**: It is the Defendant's position that the actions taken by the City of East Lansing were proper and did not violate any of Plaintiffs' Federal or State constitutional rights. The decision to not allow Plaintiffs to rent a stall at the Farmers' Market had nothing whatsoever to do with the Plaintiffs' religious beliefs or with Plaintiffs' speech. The City was enforcing its policy and ordinances which prohibit discrimination based on, *inter alia*, sexual orientation. The Plaintiffs' general business practice was to refuse to offer their business services to same sex couples. The rationale for the Plaintiffs' decision to discriminate was not relevant to the City and played no part in the decision. The City was entitled to refuse to enter into a business relationship with a prospective vendor at the Farmers' Market that refused to comply with the City's non-discrimination policy.

Regardless of whether this case is subject to rational basis review or strict scrutiny review, the City's actions are constitutional. There is no constitutional right on the part of the Plaintiffs to engage in discrimination and the City has a compelling interest in enforcing its policies and ordinances that prohibit discrimination.

5. Prospects of Settlement:

    No settlement discussions have taken place at this time.

6. Pendent State Claims:

    Plaintiffs raised two pendent state claims in the Verified Amended Complaint: Violation of the Home Rule City Act, Michigan Compiled Laws § 117.1 et seq., and violation of the Freedom of Worship, Religious Belief, and Conscience, Michigan Constitution Article 1 § 4. This Court dismissed Plaintiffs' claim under the Home Rule City Act, but preserved Plaintiffs' claim under the Michigan Constitution. *See* Op. and Order Granting in Part and Den. in Part Mot. to Dismiss, ECF No. 28. There is no objection to this Court retaining jurisdiction over this remaining pendent state claim.

7. Joinder of Parties and Amendment of Pleadings:

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by **February 12, 2018**.

8. Disclosures and Exchanges:

(a) FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise. The parties propose the following schedule for Rule 26(a)(1) disclosures: Rule 26 (a)(1) disclosures will be due **February 26, 2018**.

(b) Plaintiffs expect to be able to furnish the names of expert witness(es) by **April 12, 2018**. Defendant expects to be able to furnish the names of expert witness(es) by **May 14, 2018**. Plaintiffs expect to be able to furnish the names of rebuttal expert witness(es) by **June 29, 2018**.

(c) It would be advisable in this case to exchange written expert witness reports as contemplated by FED. R. CIV. P. 26(a)(2). Reports, if required, should be exchanged according to the following schedule: Plaintiffs' expert witness reports by **April 12, 2018**. Defendant's expert witness reports by **May 14, 2018**. Plaintiffs' rebuttal expert witness reports by **June 29, 2018.**

(d) The parties have agreed to make available the following documents without the need of a formal request for production: Beyond the Rule 26(a)(1) disclosures, the parties are not aware of any other documents to be produced absent a specific discovery request.

9. Discovery:

The parties believe that all discovery proceedings can be completed by **July 11, 2018**. At this time, Plaintiffs anticipate needing discovery on at least the following topics:

- City communications and interactions with or regarding Country Mill.
- City communications and interactions regarding the Farmer's Market.
- Information about the East Lansing Farmer's Market, generally.
- Information about any and all changes made by the City to the 2017 Vendor Application, referred to as the Policy in Plaintiffs' Verified Amended Complaint.

- Information about the City's enforcement of that Policy.
- Other topics identified in the course of discovery.

At this time, Defendant anticipates needing discovery on at least the following topics:

- Plaintiffs' financial status and alleged financial losses.
- Plaintiffs' participation in other farmers' markets.
- Plaintiffs' communications with other persons and entities regarding their business policies and practices.
- Plaintiffs' communications with other persons and entities regarding their personal beliefs.
- Other topics identified in the course of discovery.

The parties agree that discovery need not be done in stages. The parties further agree that based on the information available to the parties at this time, the parties can comply with the discovery limitations listed in the Federal Rules of Civil Procedure that interrogatories will be limited to 25 per side, but because of the number of potential witnesses involved, need to expand the depositions limitation listed in the Federal Rules of Civil Procedure to 15 per side, with each lasting no more than 7 hours in duration. Discovery limits are subject to further modification by motion or agreement of the parties if new information becomes available in discovery that necessitates additional discovery.

At this time, the parties believe that at least the following people are likely to be deposed:

- Mark Meadows
- Erik Altmann
- Ruth Beier
- Shanna Draheim
- Susan Woods
- George Lahanas
- Tim McCaffrey
- Heather Surface
- City of East Lansing 30(b)(6)
- Stephen Tennes

- Bridget Tennes
- Diana Tennes
- Expert Witness(es) (if relevant)
- Additional witnesses identified during discovery or designated to testify at trial

10. <u>Disclosure or Discovery of Electronically Stored Information</u>:

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties do not anticipate that discovery will involve extensive electronically stored information. The parties agree to preserve and maintain all electronic records, including e-mails and other electronic documents, in their current form. Any electronic records produced in response to discovery requests will be saved in PDF format and transmitted to opposing counsel.

11. <u>Assertion of Claims of Privilege or Work−Product Immunity After Production</u>:

The parties agree to utilize the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) in the event claims of privilege or work-product immunity are made in materials inadvertently produced during discovery.

12. <u>Motions</u>:

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all non-dispositive motions, counsel or *pro se* parties involved in the dispute shall confer in a good−faith effort to resolve the dispute. In addition, all non-dispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party: Plaintiffs anticipate filing a motion for summary judgment. Defendant anticipates filing a motion for summary judgment. The parties anticipate that all dispositive motions will be filed by **August 24, 2018**.

13. <u>Alternative Dispute Resolution</u>:

In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution. The parties recommend that this case be submitted to the following method(s) of alternative dispute resolution: Because this case primarily involves questions of law in dispute and the potential scope of alternative resolution would necessarily require definitive interpretation of legal issues, the parties believe full discovery is needed before a settlement conference or alternative dispute resolution will be productive. The parties agree to engage in a settlement conference by **August 24, 2018**.

14. <u>Length of Trial</u>:

Counsel estimate the trial will last approximately 4 days total, allocated as follows: 2 days for Plaintiffs' case and 2 days for Defendant's case.

15. <u>Electronic Document Filing System</u>:

Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

16. <u>Other</u>:

Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case: None.

Respectfully submitted this 9th day of January, 2018.

| | |
|---|---|
| By: s/ Katherine L. Anderson<br>  Jeremy D. Tedesco (AZ Bar No. 023497)*<br>  Jonathan A. Scruggs (AZ Bar No. 030505)*<br>  Samuel D. Green (AZ Bar No. 032586)*<br>  Katherine L. Anderson (AZ Bar No. 033104)*<br>  **Alliance Defending Freedom**<br>  15100 N. 90th Street<br>  Scottsdale, Arizona  85260<br>  Telephone: (480) 444-0020<br>  Fax:  (480) 444-0028<br>  jtedesco@adflegal.org<br>  jscruggs@adflegal.org<br>  sgreen@adflegal.org<br>  kanderson@adflegal.org | By: s/ Michael S. Bogren (with permission)<br>Michael S. Bogren<br>**Plunkett Cooney**<br>950 Trade Centre Way, Ste. 310<br>Kalamzaoo, MI 49002<br>Telephone: (269) 226-8822<br>Fax: (269) 382-2506<br>mbogren@plunkettcooney.com<br><br>ATTORNEYS FOR DEFENDANT |

  David A. Cortman (GA Bar No. 188810)*
  Rory T. Gray (GA Bar No. 880715)*
  **Alliance Defending Freedom**
  1000 Hurricane Shoals Rd. NE
  Ste. D-1100
  Lawrenceville, GA 30043
  Telephone:  (770) 339-0774
  Fax:  (770) 339-6744
  rgray@ADFlegal.org

  James R. Wierenga (P48946)
  Jeshua T. Lauka (P71958)
  **DAVID & WIERENGA, P.C.**
  99 Monroe Avenue, N.W., Suite 1210
  Grand Rapids, Michigan 49503
  Telephone:  (616) 454–3883
  Facsimile:  (616) 454–3988
  jim@dwlawpc.com
  jeshua@dwlawpc.com

  John Bursch (P57679)
  **Bursch Law PLLC**
  9339 Cherry Valley Avenue, SE
  Suite 78
  Caledonia, MI 49316
  Telephone: (616) 45-4235
  jbursch@burschlaw.com

| | |
|---|---|
| ATTORNEYS FOR PLAINTIFFS | *Admitted to this court |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

By: s/ Katherine L. Anderson
Katherine L. Anderson (AZ Bar No. 033104)*
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, Arizona 85260
Telephone: (480) 444-0020
Fax: (480) 444-0028
kanderson@adflegal.org

ATTORNEY FOR PLAINTIFFS