IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Country Mill Farms, LLC** and **Stephen Tennes**,

          Plaintiffs,

   v.

**City of East Lansing**,

          Defendant.

Case No. 1:17-cv-00487-PLM-RSK

Honorable Paul L. Maloney

## STIPULATION AND PROPOSED PROTECTIVE ORDER

Pursuant to the Stipulation of the parties, IT IS HEREBY ORDERED:

    1.    Introduction and Scope.

This Protective Order shall govern any designated document or information produced in this action, including all designated motions and other papers submitted to the Court, all designated testimony, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery or as a part of any disclosure required by the Federal Rules of Civil Procedure.

    2.    Classified Information.

Classified Information shall include all information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY as well as (a) all copies, extracts and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto that contain or reflect the content of any such information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; and (d) all designated testimony

    3.    Designation of Classified Information.

Each party shall have the right to designate as classified and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by it in this litigation that the producing party deems to contain sensitive or other confidential information ("Classified Information"). This designation shall be made by stamping each page of a document containing Classified Information with the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY, at or before production to the receiving party. In the event a party inadvertently produces Classified Information without such legend, that party shall promptly furnish written notice to the

receiving party that the Classified Information is designated CONFIDENTIAL under this Protective Order along with appropriately labeled copies of the Classified Information. Such post-production designation of Classified Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order, and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order. Any Classified Information not reduced to documentary, electronic, tangible or physical form or which cannot be easily stamped may be designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection do not need to be designated as Classified Information until copies of the materials are requested after inspection and selection by counsel. Making Classified Information available for inspection shall not constitute a waiver of any claim of confidentiality or privilege.

4. <u>Limit on Use of Classified Information.</u>

Each party and all persons bound by the terms of this Protective Order shall use any Classified Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Classified Information designated as CONFIDENTIAL shall only be disclosed by the receiving party for the purposes set forth above and only to:

  a. attorneys who represent the receiving party, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

  b. experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this matter, and subject to Paragraph 6 of this Order;

  c. the Court and Court personnel as provided in Paragraph 10 of this Order;

  d. the parties to these actions (including employees, and representatives of a party, who shall be advised of the existence and terms of this Order), but only for purposes of this proceeding; and

  e. non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation.

No documents or information designated as CONFIDENTIAL shall be disclosed to any person except as otherwise provided in this Order, or by written stipulation of the parties, or by order of the Court.

5. "Attorneys' Eyes Only" Material.

Each party shall have the right to designate financial information such as income statements, profit and loss statements, individual and wholesale sales, pricing, and/or cost data. Classified Information designated as ATTORNEYS' EYES ONLY shall be disclosed only to:

    a. attorneys who represent the receiving party, including outside and in-house counsel, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

    b. experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this matter, and subject to Paragraph 6 hereof;

    c. non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation;

    d. the Court and Court personnel as provided in Paragraph 10 of this Order.

No documents or information designated as ATTORNEYS' EYES ONLY shall be disclosed to any party to these actions, or any non-party, or to any officer, director, or employee of any party, except as otherwise provided in this Order, or by written stipulation of the parties, or by order of the Court.

6. Identification of Experts.

A party desiring to disclose Classified Information designated CONFIDENTIAL to outside experts (whether acting as testifying experts or non-testifying consultants) shall provide a copy of this Protective Order to the expert.

7. Designation of Deposition Transcripts.

Deposition transcripts, or portions thereof, as well as exhibits that have not otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either:

      a.      at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL or ATTORNEYS' EYES ONLY by the reporter, as the designating party may direct, or

      b.      within thirty (30) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record.

      8.      <u>Disclosure to Author or Recipient.</u>

Notwithstanding any other provisions of this Protective Order, nothing in this Order shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order but only for the purposes set forth in Paragraphs 4 and 5 of this Order. If a person viewing such documents is permitted to retain copies, that person must comply with the section below on Return of Designated Information at the close of the case.

      9.      <u>Designation of Documents Under Seal.</u>

Any party seeking to file any document designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY with the Court must do so following the procedures in W.D. Local Rule 10.6.

Each party has the right to move to seal testimony entered and exhibits marked during hearings and other proceedings if such testimony and/or exhibits contain Classified Information. Any such motion to seal must follow the procedures in W.D. Local Rule 10.6.

      10.      <u>Preparation of Witness and Exhibit Designation.</u>

Any party may mark any Classified Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

      11.      <u>Return of Designated Information.</u>

Not later than 30 days after final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall assemble and return all Classified Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts, and summaries thereof, to the party from whom such designated Classified Information was obtained, except that any documents or copies that contain or constitute attorney's work product may be retained by counsel, or destroyed.

      12.    <u>Privileged Information</u>

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim or privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, or upon independent discovery that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege. The burden of proving that the production was not inadvertent shall be on the receiving party.

      13.    <u>Waiver or Termination of Protective Order.</u>

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for in this Order shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

      14.    <u>Modification of Protective Order.</u>

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Classified Information, or other discovery material as such party may consider appropriate. No party shall be precluded from: (a) claiming that any Classified Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Classified Information otherwise prohibited by this Order; or (c) applying for an order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. This Order may be modified, and any matter related to it may be resolved by written stipulation of the parties subject to approval of the Court.

      15.    <u>Continuing Jurisdiction.</u>

This Protective Order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

      16.    <u>Non-Applicability of Order to Documents Not Produced Pursuant to this Order.</u>

This Protective Order shall not apply to documents not produced pursuant to this Order. That is, if a party already has documents, which are later produced by the other party, such documents are not subject to this order.

Dated: _____

                                               Honorable Paul L. Maloney
                                               United States District Judge

Consented to:

Date: May 9, 2018                     /s/ Katherine Anderson
                                       Katherine Anderson
                                         Attorney for Plaintiffs

Date: May 9, 2018                     /s/ Michael S. Bogren (with permission)
                                         Michael S. Bogren
                                         Attorney for Defendants

EXHIBIT A UNDERTAKING RE:
PROTECTIVE ORDER

*Country Mill Farms, LLC and Stephen Tennes v. City of East Lansing*
*United States District Court for the Western District of Michigan*
*Case No. 1:17-cv-00487-PLM-RSK*

UNDERTAKING OF

1. My address is _____
My present occupation is _____

2. I have received a copy of the Protective Order in the above-captioned case and any amendments thereto, and I have carefully read and understand its provisions. I consent to jurisdiction of the United States District Court for the Western District of Michigan, solely for the purpose of enforcing the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, and will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use except for purpose of this action, any documents or things marked CONFIDENTIAL or ATTORNEYS' EYES ONLY which I receive in this action, except as allowed in accordance with the Protective Order.

4. Upon final termination of this action, I will return all Classified Information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY which is in my possession, custody, or control, including all copies, extracts and summaries thereof, to counsel who retained me.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this date _____ at _____

By: _____