UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COUNTRY MILL FARMS, LLC, et al.,

        Plaintiffs,

v.

CITY OF EAST LANSING,

        Defendant.

_____/

Case No. 1:17-cv-487

HONORABLE PAUL L. MALONEY

## SECOND AMENDED CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| Trial Date and Time<br><br>Before:   Judge Paul L. Maloney | SEPTEMBER 14, 2020<br>8:45 a.m.<br><br>174 Federal Building<br>410 W. Michigan Ave.<br>Kalamazoo, Michigan |
| Jury or Non Jury | Non-Jury |
| Estimated Length of Trial | 4 days |
| Motions to Join Parties or Amend Pleadings | CLOSED |
| Rule 26(a)(1) Disclosures | CLOSED |
| Disclose Name, Address, Area of Expertise and a short summary of expected testimony of Expert Witnesses (Rule 26(a)(2)(A))       : | CLOSED |
| Disclosure of Expert Reports (Rule 26(a)(2)(B)) | CLOSED |
| Completion of Discovery | CLOSED |
| Dispositive Motions | CLOSED |
| Settlement Conference | None at this time; See ¶ 7 |
| Final Pretrial Conference   Date:<br>Before Judge Paul L. Maloney   Time: | AUGUST 24, 2020<br>9:00 a.m. |
| ADR To Take Place On Or Before: | None at this time |

1. <u>TRIAL DATE AND SETTING</u>: This case is scheduled for trial before the Honorable Paul L. Maloney, 174 Federal Building, 410 W. Michigan Ave., Kalamazoo, Michigan, as set forth above.

2. <u>JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS</u>: All motions for joinder of parties and all motions to amend the pleadings must be filed by the date set forth in the table above.

3. <u>DISCLOSURES AND EXCHANGES</u>: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

4. <u>DISCOVERY</u>: All discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. All depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

5. <u>MOTIONS</u>:

    a. Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They will be referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471, et seq., it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

    b. The deadline for filing dispositive motions has passed.

    c. The parties are strongly encouraged to file motions in limine at least fourteen (14) calendar days prior to the final pretrial conference, but in no event shall they be filed later than the date for the submission of the proposed Final Pretrial Order.

6. <u>ALTERNATIVE DISPUTE RESOLUTION</u>: No form of ADR will be ordered at this time.

7. <u>SETTLEMENT CONFERENCE</u>: The parties are under an ongoing obligation to engage in good faith settlement negotiations. **A settlement conference will be scheduled before the magistrate judge upon a joint request made by the parties**.

    a. <u>Persons Required to Attend</u>. Unless excused by a showing of good cause, the attorney who is to conduct the trial shall attend the settlement conference, accompanied by a representative of the party with full settlement authority. Both shall attend in person. The person with settlement authority must come cloaked with authority to accept, without further contact with another person, the settlement demand of the opposing party. An insured party shall also appear by a representative of the insurer who is authorized to negotiate and to settle the matter (within policy limits) up to the amount of the opposing parties' existing settlement demand. W.D.Mich. LcivR 16.8.

      b.    <u>Settlement Letter to Opposing Party</u>.  A settlement conference is more likely to be productive if, before the conference, the parties have had a written exchange of their settlement proposals.  Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and settlement demand to defendant's counsel with a brief explanation of why such a settlement is appropriate.  No later than seven (7) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate.  This may lead directly to a settlement.  If settlement is not achieved, plaintiff's counsel shall deliver, fax or e-mail copies of these letters to the chambers of the magistrate judge conducting the conference no later than three (3) business days before the conference.   Do not file copies of these letters in the Clerk's Office.

      c.    <u>Confidential Settlement Letter to Court</u>.  In addition, three (3) business days before the conference, each party or their attorney shall submit to the magistrate judge conducting the conference a confidential letter concerning settlement.  A copy of this letter need not be provided to any other party.  Do not file a copy of this letter in the Clerk's Office.  All information in the settlement letter shall remain confidential and will not be disclosed to any other party without the approval of the writer.  The confidential settlement letter shall set forth: (a) the name and title of the party representative who will be present at the settlement conference, with counsel's certification that the representative will have full authority to settle, without the need to consult with any other party; (b) a very brief explanation of the nature of the case, including an identification of any parties added or dismissed since the time of filing; (c) a history of settlement negotiations to date, including all offers, demands and responses (the letter should not, however, divulge any offer made in the context of a voluntary facilitative mediation); (d) the policy limits of any relevant insurance coverage; (e) the limits on settlement authority given to counsel by the client; (f) that party's suggestions concerning the most productive approach to settlement; (g) any other matter that counsel believes will improve the chances for settlement.  Plaintiff shall also provide an estimated range of damages recoverable at trial and a brief analysis of the method(s) used for arriving at the estimate(s).

8.    <u>FINAL PRETRIAL CONFERENCE</u>: A final pretrial conference is scheduled at the date and time set forth above.

9.    <u>PREPARATION OF PROPOSED FINAL PRETRIAL ORDER</u>: A proposed pretrial order, entitled "Final Pretrial Order" shall be prepared jointly by counsel and filed **seven (7) business days** prior to the final pretrial conference in the following form:

      A final pretrial conference was held on the ___ day of _____.  Appearing for the parties as counsel were:

      (List the counsel who will attend the pretrial conference.)

      1.    <u>Exhibits</u>: The following exhibits will be offered by the plaintiff and the defendant:

       (List separately for each party all exhibits, including demonstrative evidence and summaries of other evidence, by name and number.  Plaintiff shall use numbers; defendant shall use letters.  Indicate with respect to each exhibit whether and for what reason its admissibility is challenged.  Exhibits expected to be used solely for impeachment purposes need not be numbered or listed until identified at trial.  Failure to list an exhibit required to be listed by this order will result, except upon a showing of good cause, in a determination of non-admissibility at trial. Objections not contained in the Pretrial Order, other than objections under Evidence Rule 402 or 403, shall be deemed waived except for good cause shown.  See Fed. R. Civ. P. 26(a)(3)(B).)

2. <u>Uncontroverted Facts</u>: The parties have agreed that the following may be accepted as established facts:

   (State in detail all uncontroverted facts.)

3. <u>Controverted Facts and Unresolved Issues</u>:   The factual issues remaining to be determined and issues of law for the Court's determination are:

   (Set out each issue which is genuinely controverted, including issues on the merits and other matters which should be drawn to the Court's attention.)

4. <u>Witnesses</u>:

   A. Non-expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all non-experts who will testify.  Indicate whether they are expected to testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the anticipated testimony of each non-expert witness.  For each witness listed, indicate whether the witness **will be** called or merely **may be** called to testify.)

   B. Expert witnesses to be called by the plaintiff and defendant, except those who may be called for impeachment purposes only, are:

   (List names, addresses, and telephone numbers of all experts who will testify, providing a brief summary of their qualifications and a statement of the scientific or medical field(s) in which they are offered as experts.  Indicate whether they will testify in person, by deposition videotape, or by reading of their deposition transcript.  Indicate all objections to the qualifications or anticipated testimony of each expert witness.)

   It is understood that, except upon a showing of good cause, no witness whose name and address does not appear in the lists required by subsections (a) and (b) will be permitted to testify for any purpose, except

        impeachment, if the opposing party objects.  Any objection to the use of a deposition under Fed. R. Civ. P. 32(a) not reflected in the Pretrial Order shall be deemed waived, except for good cause shown.

5. <u>Depositions and Other Discovery Documents</u>:

    All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

    (Designate portions of depositions by page and line number.  Designate answers to interrogatories and requests for admissions by answer or request number.  Designation need not be made of portions that may be used, if at all, as impeachment of an adverse party.  Indicate any objections to proposed deposition testimony, answers to interrogatories, and admissions.)

6. <u>Length of Trial</u>: Counsel estimate the trial will last approximately _____ full days, allocated as follows: _____ days for plaintiff's case; _____ days for defendant's case; _____ days for other parties.

7. <u>Prospects of Settlement</u>: The status of settlement negotiations is:

    (Indicate progress toward settlement and issues that are obstacles to settlement.)

The proposed Final Pretrial Order will be signed by all counsel, signifying acceptance, and upon approval by the Court, with such additions as are necessary, will be signed by the Court as an order reflecting the final pretrial conference.

10. <u>MATTERS TO BE CONSIDERED AT THE FINAL PRETRIAL CONFERENCE</u>: At the final pretrial conference, the parties and the Court will formulate a plan for trial, including a program for facilitating the admission of evidence, consider the prospects of settlement, and consider such other matters as may aid in the trial or other disposition of the action.  Unless excused upon a showing of good cause, the attorney who is to conduct the trial shall attend the pretrial conference and shall be accompanied by a representative of the party with full settlement authority.

11. PREPARATION FOR TRIAL: Trial briefs and Proposed Findings of Fact and Conclusions of Law shall be submitted to the Judge **three (3) business days** prior to the trial date.

Dated:  December 18, 2019            ___/s/ Paul L. Maloney_____
                                                                              Paul L. Maloney
                                                                              United States District Judge